Donald E. DAWSON, Petitioner–Appellant,

v.

John MARSHALL, Warden, Respondent–Appellee.

No. 06–56454.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 24, 2008.

Donald E. Dawson, San Luis Obispo, CA, pro se.

J. Conrad Schroeder, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: HALL, O'SCANNLAIN and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Donald E. Dawson appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *McQuillion v. Duncan,* 306 F.3d 895, 899 (9th Cir.2002), and we affirm.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Appellees contend that we lack jurisdiction because there is no federally protected interest in parole release in California, and thus, Dawson has failed to state a federal claim. This contention is foreclosed. *See Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127–28 (9th Cir.2006).

Dawson contends that the California Board of Prison Terms' (the "Board") 2001 decision to deny him parole violated his due process rights. We disagree. Dawson was afforded an opportunity to be heard and received a statement of reasons why his parole was denied. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 14–16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Furthermore, some evidence supports the Board's decision to deny parole. *See Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Irons v. Carey,* 505 F.3d 846, 851–52 (9th Cir.2007); *Sass,* 461 F.3d at 1128–29. Accordingly, Dawson has failed to demonstrate that the state court's decision denying this claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," or "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d); *see also Hill,* 472 U.S. at 454–56, 105 S.Ct. 2768.

Dawson's contention that the district court judge violated due process by failing to review de novo the magistrate judge's recommendation is belied by the record. Although Judge Larson was the magistrate judge, as district court judge, Judge Larson issued a separate, de novo order denying Dawson's petition. Furthermore,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

28 U.S.C. § 636 does not specify that a different judge perform de novo review.

Finally, we need not address Dawson's remaining claims because we conclude that the Board relied on more than unchanging factors in denying parole and these additional reasons are supported by some evidence. *See Sass,* 461 F.3d at 1129.

**AFFIRMED.**

---

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.